UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

ERIC GADSON                                                                                    PETITIONER

VS.                              No.  2:18-CV-00178-BSM-JTR

DEWAYNE HENDRIX, Warden,
FCI – Forrest City                                                                             RESPONDENT

## RECOMMENDED DISPOSITION

### Instructions

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Pending before the Court is a 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus filed by Petitioner, Eric Gadson ("Gadson"), who is incarcerated at the Forrest City, Arkansas, Federal Correctional Institution. *Doc. 1*. Gadson challenges

the validity of a sentence imposed by the United States District Court for the District of South Carolina in *United States v. Gadsen*,[1] D. S.C. Case No. 5:00-cr-917 ("*Gadson I*"). More specifically, he contends that: (1) he was "convicted of violating § 924(c) and sentenced to 240 months' imprisonment for allegedly possessing a machine gun during a second or successive crime of violence;" and (2) based on *United States v. O'Brien*, 560 U.S. 218, 130 S. Ct. 2169 (2010), he is "actually innocent" of the charged offense.[2] *Doc. 1 at 11-12*.

On February 20, 2001, in *Gadson I*, Gadson pleaded guilty to two counts of bank robbery, violations of 18 U.S.C. § 2113(d) and one count of use of a firearm in furtherance of a crime of violence, a violation of 18 U.S.C. § 924(e).[3] *Gadson I*

---

[1] The District Court in South Carolina spelled Petitioner's last name as "Gadsen" throughout the proceedings. However, in all of his numerous other court filings, his last name is spelled "Gadson." Thus, this Court will use "Gadson."

[2] The four-count Indictment charged him with two separate counts of bank robbery, in violation of 18 U.S.C. 2113(a), (d) and 2, and two counts of knowingly using and carrying a firearm "during and in relations to a crime of violation, in violation of 18 U.S.C. § 924(c). *Gadson I* Indictment, *Doc. 10 at 3-6*. The Indictment specifically advised Gadson that he faced a maximum penalty of "5 YEARS FOR A FIRST CONVICTION AND 20 YEARS IMPRISONMENT FOR A SECOND OR SUBSEQUENT CONVICTION." *Id. at 4, 6*.
There is no mention of a machine gun in the Indictment, or in the portions of the presentence report provided by Respondent. More importantly, as discussed *infra*, another district court has concluded that Gadson's sentence was not based on his use of a machine gun.

[3] The Government dismissed the second use of a firearm count in exchange for Gadson's plea. To make a showing of actual innocence in the Eighth Circuit, Gadson would have to prove "not only actual innocence of the gun charge [to which he pleaded guilty] but also . . . [the additional gun charge] the government dismissed in exchange for the guilty plea." *Abdullah v. Hedrick*, 392 F.3d 957, 960, n.2 (2004) (omitting internal quotations and citation).

Judgment, Govt.'s Exh. 3, *Doc. 7-3*. On January 23, 2002, Gadson was sentenced in *Gadson I* to 48 months for the bank robberies and 240 months for the use of a firearm.[4]

A review of the docket sheet from *Gadson I* indicates that Gadson filed a direct appeal, which was dismissed. It also indicates that he attempted, unsuccessfully, to file a Motion to Vacate under 28 U.S.C. § 2255 and a Motion to Reduce Sentence.[5]

---

[4] On the same date, Gadson was also sentenced on a one-count Indictment charging him with conspiracy to commit bank robbery. The charges arose from a separate criminal case in the District of South Carolina, *United States v. Gadsen*, Case No. 5:01-cr-552-001. The cases were consolidated for sentencing.

Gadson also has convictions from the Southern District of Georgia, *United States v. Gadson*, Case No. 2:98-cr-1-3, for bank robbery and use of a firearm in connection with a crime of violence. Gadson was sentenced to an aggregate sentence of 198 months, which was later reduced to a total of 138 months, after the sentence on the use of a firearm count was reduced from 120 to 60 months. *Doc. 1 at p. 2*.

Because Gadson's sole claims for relief in this case relate to his conviction in *Gadson I*, it is unnecessary to discuss further the details of his numerous federal criminal convictions. *See*, *e.g.*, *Gadson II*, *infra*, *Doc. 2* at pp. 2-3 (detailing Gadson's federal convictions and noting that he "has participated in at least sixteen armed bank robberies.").

[5] It is unknown what issues Gadson raised in his initial § 2255 motion. Respondent did not provide this information, and the Court is unable to open many of the docket entries in *Gadson I* from the U.S. Courts Pacer website.

Gadson has sought relief under § 2255 more than once. For example, on June 21, 2016, Gadson filed a motion with the Fourth Circuit requesting permission to file a second or successive application for relief under § 2255 to challenge his sentence in *Gadson I*. *In re Gadson*, Fourth Circuit Case No. 16-9461. For cause, Gadson argued that he was actually innocent of the sentence imposed in *Gadson I* based on a new rule of constitutional law announced in *U.S. v. Johnson*, 135 S. Ct. 2551 (2015). On July 5, 2016, the Fourth Circuit denied Gadson's motion, ruling that while *Johnson* applied retroactively to cases on collateral review, its application provided no legal basis for invalidating Gadson's conviction or sentence. *In re Gadson*, Fourth Circuit Case No. 16-9461 (July 5, 2016).

*This is Gadson's second § 2241 habeas petition raising the identical claim he asserts in this action.* On May 24, 2011, in the Western District of Texas, Gadson filed a § 2241 petition. *Gadson v. Bragg*, W.D. Tx Case No. EP-11-cv-215 ("*Gadson II*"). In *Gadson II*, the Court ruled that Gadson was *not* entitled to the benefit of § 2255's savings clause, and thus, that it lacked jurisdiction over Gadson's § 2241 habeas Petition. A copy of the Court's ruling in *Gadson II* is attached to this Recommendation as *Exhibit A*.

On December 10, 2018, Gadson filed the § 2241 habeas action now before this Court. *Doc. 1*. In his § 2241 petition, he contends, based on *United States v. O'Brien*, *supra*, that the 240-month sentence imposed in *Gadson I* for the use of a firearm conviction should be vacated. *Doc. 1*. Respondent has filed a Response, *Doc. 7*, to which Gadson has filed a Reply. *Doc. 12*. Thus, the issues are joined and ready for resolution.

## II. Discussion

Pursuant to 28 U.S.C. § 2244(a), a district court is not "required to entertain an application for a writ of habeas corpus to inquire into the detention" of a federal prisoner if "the legality of such detention has been determined . . . on a prior application for a writ of habeas corpus." 28 U.S.C. § 2244(a). Courts have interpreted this provision as preventing federal prisoners from using § 2241 to raise

4

claims that were adjudicated, or could have been, in an earlier § 2241 action. *See Queen v. Miner*, 530 F.3d 253, 255 (3rd Cir. 2008) (finding Petitioner's claims in his § 2241 petition were successive because they "either had been, or could have been, decided in his previous habeas action"); *Antonelli v. Warden*, *U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008) (holding that "[s]uccessive § 2241 petitions by federal prisoners are subject to threshold dismissal in federal court because" of § 2244(a); *see also Phelps v. U.S. Federal Government*, 15 F.3d 735, 737-38 (8th Cir.1994) (affirming the district court's application of pre-AEDPA version of § 2244 to find an abuse of the writ in a successive § 2241 petition).

The court in dismissing Gadson's first § 2241 Petition stated the following:

> Gadson agrees he pleaded guilty in South Carolina to using a firearm in connection with a robbery, in violation of § 924(c). Gadson concedes this was a "second or successive violation." He claims the South Carolina Court sentenced him for the "possession, use, and carrying of a machine gun. The Court, however, did not sentence Gadson to life in prison – the statutory minimum sentence "if the firearm is a machine gun." The Court did sentence Gadson to 240 months' imprisonment – the mandatory minimum sentence – for a second § 924(c) conviction. "[R]ecidivist provisions . . . are typically sentencing factors [that] can be proved to a judge at sentencing by a preponderance of the evidence." [citing *O'Brien*] Thus, *Gadson's claim that the Court sentenced him for the "possession, use, and carrying of a machine gun" is simply false*. Moreover, the Fifth Circuit Court of Appeals notes O'Brien has not "decriminalized any of the conduct for which he was convicted. . . . Therefore, the savings clause was not applicable. Gadson may only bring his claim for relief in the district of conviction and sentence.

*Gadson II*, *Doc. 12* (omitting footnotes) (emphasis added).

Thus, in filing this § 2241 Petition, Gadson attempts to relitigate the same issues he presented and lost in his earlier § 2241 Petition concerning the impact of *United States v. O'Brien*, *supra*, and his alleged actual innocence of his § 924(c) conviction and sentence.

Gadson's prior adjudication of this issue under § 2241, in the Western District of Texas is now final.[6] Accordingly, the Court recommends that Gadson's § 2241 Petition be summarily dismissed pursuant to § 2244(a).

### III. Conclusion

Pursuant to 28 U.S.C. § 2244(a), the Court should decline to entertain Gadson's second § 2241 habeas Petition.

IT IS THEREFORE RECOMMENDED THAT all claims asserted in Petitioner Eric Gadson's Petition for a Writ of Habeas Corpus, *Doc. 1*, be DENIED, and this action be DISMISSED, without prejudice.

---

[6] The doctrine of res judicata "does not apply to successive petitions for federal habeas or § 2255 relief." *Baranski v. United States*, 880 F.3d 951, 954 (8th Cir. 2018) (*citing Sanders v. United States*, 373 U.S. 1 (1963). However, the same principles of efficiency, finality, and consistency are served by enforcing § 2244(a)'s statutory limitation on relitigating the same theory for habeas relief.

Dated this 26th day of March, 2019.

                                                */s/ J. Thomas Ray*
                                      UNITED STATES MAGISTRATE JUDGE